UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MILKES, SHARI C. WHITE individually and on behalf of all others similarly situated ) ) ) ) | |
| Plaintiffs ) ) | |
| v. ) ) | 24-cv-02337 JURY TRIAL DEMANDED |
| AMAZON SERVICES LLC ) a foreign corporation ) ) | |
| Defendant ) | |

## AMENDED COMPLAINT

AMAZON SERVICES LLC (hereinafter AMAZON) is a registered foreign corporation licensed and doing business in the State of Illinois and transacting business in Cook County Illinois.

1. AMAZON offers a subscription service commonly known as Amazon Prime (hereinafter "PRIME").

2. PRIME is a subscription service offering several benefits including but not limited to: stream via the internet movies and TV shows without commercial interruption.

3. AMAZON has advertised for many years that PRIME includes commercial-free interruption free internet streaming for movies and TV shows.

4. On or about September, 2023 AMAZON announced a change to PRIME effective in 2024.

5. On or about January 4, 2024 AMAZON announced that PRIME would stream via the internet movies and TV shows with commercial interruptions unless the subscriber paid an additional fee of $2.99/month.

6. Plaintiff, MICHAEL MILKES (hereinafter MILKES) is a resident of the State of Illinois and at all times relevant hereto a subscriber to PRIME.

7. MILKES was watching PRIME on or about February 10, 2024 and was interrupted by a commercial.

8. Plaintiff, SHARI C. WHITE (hereinafter WHITE) is a resident of the State of Illinois and at all times relevant hereto a subscriber to PRIME.

9. Subsection 1(f) of the Consumer Fraud Act, 815 ILCS 505/1(f), defines "trade" and "commerce" as:

> The terms 'trade' and 'commerce' mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State.

10. At all times relevant to this Complaint, AMAZON was engaged in trade and commerce in the State of Illinois within the meaning of the Consumer Fraud Act by marketing, selling, and promoting PRIME to Illinois residents.

11. AMAZON deceptively promoted and sold PRIME to Illinois residents up until January 2024 which included commercial/interruption free streaming videos.

12. WHITE was watching PRIME on or about February 3, 2024 on PRIME and was interrupted by a commercial.

33. MILKES paid for a full year of PRIME prior to JANUARY 4, 2024.

14. WHITE subscribed for a full year of PRIME prior to JANUARY 4, 2024 and was paying for it monthly.

15. At no time relevant hereto did AMAZON seek the consent of MILKES or WHITE or anyone similarly situated to change the terms of PRIME for their current yearly contract.

16. MILKES pre-paid yearly subscription did not expire prior to FEBRUARY 10, 2024.

17. WHITE'S yearly subscription did not expire prior to FEBRUARY 3, 2024.

18. The Plaintiff's expected that their yearly contract with AMAZON to be honored and not be required to pay additional monies to retain the same PRIME benefits.

19. Plaintiff's are unable to watch PRIME movies or TV-shows without commerical interruptions unless they pay additional monies to AMAZON.

20. In short AMAZON promised one thing and required their customers, Plaintiff's included, to pay more than the bargained for amount to receive the services for the term of the current contract.

21. Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505 et. seq.) prohibits deceptive acts and practices in the sale of services to consumers such as alleged by Plaintiff's against AMAZON.

22. Plaintiffs and other members of the putative Class reasonably believed that they would not be charged additional monies during the term of their contract with AMAZON to maintain the same level of service they originally bargained for.

23. Plaintiffs and other members of the putative Class only recourse to maintain the level of service originally bargained for is to pay the additional monies charged by AMAZON. If they do not they have suffered by a diminution of their bargained benefits.

24. The number of persons similarly situated in Illinois to each Plaintiff is substantial, b4lieved to amount to thousands if not millions of persons. Therefore joinder of all persons is impracticable.

25. There are questions of fact and law common to all persons similarly situated and the common questions predominate over any questions affecting only the Plaintiffs.

26. Plaintiffs as representative parties will fairly and adequately protect the interest of the class. Counsel is a highly experienced civil litigator. And are committed to vigorously prosecuting the class.

27. Class action is an appropriate method for the fair and efficient adjudication of the controversy.

28. This is a class action for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, common law fraud, and breach of contract.

29. No federal question is presented by this complaint. Plaintiffs bring this complaint solely under state law and not under federal law and specifically not under the US Constitution nor any of its amendments. Plaintiffs believe and allege that a cause of action exists under state law for the conduct complained of herein.

30. This class action is brought on behalf of all persons in Illinois similarly situated.

31. Plaintiff's bring this action pursuant to 735 ILCS 5/2-801 individually and on behalf of a class similarly situated individuals defined as follows (the "Class"):

All Illinois residents who purchased one year of PRIME prior to January 4, 2024. The following are excluded from the Class: (1) any Judge presiding over this action and members of his or her family; (2) AMAZON, it subsidiaries, parents, successors ,predecessor, and any entity in which AMAZON or its parent has a controlling interet (as well as any current or former employees, officers and directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs's counsel and AMAZON's counsel; and (6) the legal representatives, successors and assigns of any such exluded persons. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to

some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiffs anticipate no difficulty in the management of this action as a class action.

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, respectfully request that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiffs as representatives of the Class, and appointing their counsel as Class Counsel;

B. Awarding damages in excess $100,000;

C. Pursuant to the Illinois Consumer Fraud Act awarding punitive damages

C. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class;

D. Awarding Plaintiffs and the Class their reasonable litigation expenses and attorneys' fees;

E. Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and

F. Awarding such other and further relief as equity and justice may require.

### JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues so triable.


/s/ Paul R. Kesselman
Paul R. Kesselman


Prepared by:
Paul R Kesselman
Attorney for Plaintiffs
1241 Central Ave #934
Wilmette IL 60091
(312)283-4342